UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2005 NOV -8 I A II: 15

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

**MARILYN JONES,**

    **Plaintiff,**

v.                                                                       Case No.: 3:05-cv-476-J-20MCR

**HONORABLE GORDON R. ENGLAND,**
**SECRETARY of the NAVY,**

    **Defendant**

_____/

**ORDER**

Before the Court is a Motion filed by Plaintiff entitled "Default by the Defendant." (Doc. No. 5, filed October 11, 2005). In it, Plaintiff seeks entry of a Clerk's Default against Defendant based on alleged noncompliance with Local Rule 3.05. The United States responded in a special appearance on behalf of the Federal Defendant. (Doc. No. 6, filed October 26, 2005). As explained in the United States' Response, the above captioned case is quite similar to another suit filed by Plaintiff, Jones v. Brownlee, Case No.: 3:05-cv-59-J-16MMH. The Court takes judicial notice of the procedural posture and the Court's Orders in that related case.

In Jones v. Brownlee, Case No. 3:05-cv-59-J-20MMH, the Honorable John H. Moore II dismissed Plaintiff's case for failure to properly serve the Defendant. The Court noted that Plaintiff, after receiving repeated and explicit guidance as to proper service of process, filed a Return of Service "which clearly did not comply with Fed. Rule Civ. P. 4(m) in that it was not properly addressed to the civil process clerk of the United States Attorney." After learning of the fatal deficiency in service in Judge Moore's Order dated September 13, 2005 in Case No. 3:05-

cv-59-J-16MMH, Plaintiff made no attempt to correct identical problems with service in the present case.[1] She did not ask for an extension to perfect service either. As of this date, Plaintiff has not met the requirements of Fed. R. Civ. P. 4(i) within the 120 day window provided by Rule 4(m) and Defendant has not been properly served with process.

As service of process in accordance with Fed. R. Civ. P. 4 has not been timely effectuated, Plaintiff's Motion for Clerk's Default (Doc. No. 5) is **DENIED** and Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**, each Party to bear its own costs and attorney's fees. The Clerk is directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, this ___ day of November, 2005.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:

Marilyn Jones, Pro Se
Edward B. Gaines, AUSA

---

[1] The service effectuated by Plaintiff in the above captioned case contains identical deficiencies as those in Jones v. Brownlee, Case No. 3:05-cv-59-J-16MMH, in that it was not addressed to the civil process clerk of the United States Attorney as required by Fed. R. Civ. P. 4(m). (Doc. No. 3, filed July 22, 2005).